JOHN C. FISH, Jr., Bar No. 160620
jfish@littler.com
EMILY E. O'CONNOR, Bar No. 279400
eoconnor@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, California 94104
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendant
THE DOW CHEMICAL COMPANY(*erroneously sued as* DOW CHEMICAL CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BERNARD LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>DOW CHEMICAL CORPORATION, and DOES 1-100 inclusive,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF BERNARD LEWIS, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant The Dow Chemical Company ("Dow"), erroneously sued as Dow Chemical Corporation, hereby removes the above-entitled action from the Superior Court of the State of California, County of Alameda, there docketed as Case No. RG16831132, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1367(a), 1441 and 1446. This Court has original jurisdiction over this matter on diversity grounds pursuant to 28 U.S.C. §§ 1332(a)(1), 1367(a).

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a)(1). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. VENUE

2. The action was filed in the Superior Court of the State of California, County of Alameda. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 84(a), 1441(a) and 1446(a).

## III. PLEADINGS, PROCESS, AND ORDERS

3. On September 14, 2016, Plaintiff Bernard Lewis ("Plaintiff") filed a Complaint against Defendant and unnamed Doe defendants in the Superior Court of California, County of Alameda entitled *Bernard Lewis v. Dow Chemical Corporation, and Does 1-100 inclusive*, Case No. Case No. RG16831132. The Complaint asserted four causes of action as follows: (1) Harassment Based upon Age – Fair Employment and Housing Act "FEHA''; (2) Age Discrimination – FEHA; (3) Wrongful Termination in Violation of Public Policy; and (4) Implied Agreement Not To Terminate Without Good Cause.

4. On September 26, 2016, Plaintiff served Dow: (1) the Summons and

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Complaint; and (2) a Civil Case Cover Sheet. True and correct copies of these documents are attached hereto as **Exhibit A**.

5. On October 18, 2016, Plaintiff served Defendant a Notice of Case Management Conference and Order and Notice of Assignment of Judge for All Purposes. True and correct copies of the Notice of Case Management Conference and Order and Notice of Assignment of Judge for All Purposes are attached hereto as **Exhibit B**.

6. On October 25, 2016, Defendant filed an Answer to the Complaint in the Superior Court of California, County of Alameda. A true and correct copy of the Answer is attached hereto as **Exhibit C**.

7. Pursuant to 28 U.S.C. § 1446(d), the attached exhibits constitute all process, pleadings, and orders served on Defendant or filed by Defendant in this action.

## IV. TIME LINESS OF REMOVAL

8. This Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446(b) because it is filed within thirty (30) days of September 26, 2016, the date of service of the Summons and Complaint, and within one year from the commencement of this action.

## V. DIVERSITY JURISDICTION

9. The diversity of citizenship statute provides in relevant part that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy [1] exceeds the sum or value of $75,000, exclusive of interest and costs, and [2] is between citizens of different States. 28 U.S.C. § 1332(a)(1).

### B. This Action Is Between Citizens Of Different States.

#### i. Plaintiff Is A Citizen Of California.

10. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff resides in California. Plaintiff alleges he was employed for more 39 years at Defendant at its Hayward, CA

location (and recently terminated in April 2016). Complaint ¶¶ 3, 6. Plaintiff reported to Defendant that he resides in Mountain View, CA, and on information and belief, has resided at the same apartment in Mountain View, CA for more than ten years. Plaintiff is also registered to vote in Santa Clara County. Accordingly, Plaintiff is a citizen of California.

**ii. Defendant Is Not A Citizen Of California.**

11. Defendant is a citizen of Delaware. For diversity jurisdiction purposes, a corporation is deemed a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant was, and is, incorporated in the State of Delaware and is therefore a citizen of that state.

12. Defendant is also a citizen of the State of Michigan because that is the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Courts apply the "nerve center test" to determine a corporation's principal place of business as the state from which "a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) ("*Hertz*"). The principal place of business is normally "where the corporation maintains its headquarters." *Id.* In this respect, both at the time of commencement of the action, and at the time of this removal, Defendant had its headquarters and home office in Midland, Michigan, where it exercises day-to-day control over its business. Defendant lists Midland, Michigan as its principal address in its Statement of Information filed with the California Secretary of State. Defendant's corporate officers and principal executives also work from the Midland, Michigan headquarters. Accordingly, Defendant is a citizen of Delaware, where it is incorporated, and a citizen of Michigan, where it has its principal place of business.

13. Defendants Does 1 through 100 are fictitious and must be disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1988).

14. This action satisfies the diversity of citizenship requirement for federal jurisdiction because Plaintiff is a citizen of California, while Defendant is a citizen of Delaware and Michigan. Accordingly, complete diversity exists between the parties because they are citizens of

different states. *See* U.S.C. § 1332(a).

**C. Plaintiff Seeks More Than $75,000.**

15. This Court has original jurisdiction over this case because Plaintiff's claims place an amount in controversy that exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

16. The Supreme Court recently held, "[t]o assert the amount in controversy adequately in the removal notice" a defendant need only include "[a] statement 'short and plain' [which] need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) ("*Dart Cherokee*"). The Court explained, "as specified in §1446(a), a Defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 554. The parties need only submit proof of the amount in controversy, to be decided under a preponderance of the evidence standard, when a plaintiff challenges Defendant's plausible allegations. *See id.*

17. "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy". *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). To determine the amount in controversy under 28 U.S.C. §1332(d) "a court must assume that the allegations of the complaint are true and that a jury [will] return [] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendant will actually owe if Plaintiffs prevail. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005).

18. Here, Plaintiff filed the Complaint in state court as an unlimited jurisdiction matter and alleges that the amount in controversy exceeds $25,000. **Exhibit A** [Civil Case Cover Sheet]. As noted above, the Complaint asserted seven causes of action as follows: (1) Harassment Based upon Age – Fair Employment and Housing Act "FEHA''; (2) Age Discrimination – FEHA; (3) Wrongful Termination in Violation of Public Policy; and (4) Implied Agreement Not To Terminate Without Good Cause. Based on these allegations, Plaintiff seeks recovery of actual, compensatory, and punitive damages, declaratory and injunctive relief, attorney's fees and costs of

suit, and prejudgment interest on any amounts claimed. Complaint, Prayer for Relief. Plaintiff also alleges severe emotional distress, as a result of Defendant's alleged misconduct. Complaint ¶¶ 10, 14, 18, 22.

**i. Plaintiff Seeks At Least $34,842.50 In Lost Wages.**

19. When considering the amount placed in controversy by an allegation of wrongful termination, courts generally include potential back wages calculated from the termination through to the anticipated date of judgment. *See Celestino v. Renal Advantage Inc.*, 2007 U.S. Dist. LEXIS 33827, *14 (N.D. Cal. Apr. 24, 2007) (finding removal proper when based on an amount in controversy that included a reasonable assessment of damages likely accrued after the time of removal); *Lamke v. Sunstate Equip. Co., LLC*, 319 F.Supp.2d 1029, 1033-34 (N.D. Cal. 2004) ("*Lamke*") (including "future economic damages (from the filing of the complaint and on)," when considering amount in controversy); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1032 (N.D. Cal. 2002) ("*Simmons*") (noting for purposes amount in controversy "it is nonetheless reasonable to expect these damages to exceed" the amount accrued at the time of removal).

20. Here, Plaintiff seeks allegedly lost wages based on a claim that Defendant wrongfully discharged him from employment on April 11, 2016. Complaint ¶ 6. Although Defendant denies that Plaintiff is entitled to recover any damages, for calculating the amount in controversy, Plaintiff was paid a monthly rate of $6,335.00, and worked on average 40 hours per week plus overtime, at the time of his termination. Using these allegations, Defendant calculates that from April 11, 2016 until the date of this removal, October 25, 2016, Plaintiff would have received approximately $34,842.50 (5 1/2 months x $6,335.00). Moreover, if Plaintiff is awarded back wages to the date of a potential judgment (i.e., beyond the October 25, 2016 date of removal), the amount in controversy is substantially greater.

**ii. Plaintiff's Claim For Emotional Distress And Punitive Damages Also Likely Exceed $75,000.**

21. Plaintiff has alleged damages from emotional distress including intentional infliction of emotional distress. Complaint ¶¶ 10, 14, 18, 22.While Defendants dispute that Plaintiff is entitled to any damages for emotional distress, in cases of wrongful termination, courts have

assessed emotional distress damages exceeding $100,000. *See, e.g., Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610 (N.D. Cal. July 11, 2008) (noting $200,000 and $122,000 awards for emotional distress in wrongful termination cases).

22. Moreover, Plaintiff also seeks an award of punitive damages against Defendants. Punitive damages are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *See also, State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). With respect to punitive damages, California statutes do not specifically provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code sections 3287 or 3288, and the proper amount of punitive damages under California law is based on the reprehensibility of the Defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and Defendant's net worth. *Boyle v. Lorimar Prod., Inc.*, 13 F.3d 1357 (9th Cir. 1994).

23. Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on one of his claims and establish the requisite state of mind, the punitive damages alone could exceed the jurisdictional minimum. *See Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) (finding with certain defendants, a claim for punitive damages alone may exceed jurisdictional minimum).

**iii. Plaintiff's Claim For Attorney's Fees Places At Least $30,000 In Controversy.**

24. Plaintiff alleges entitlement to attorney's fees. Complaint ¶¶ 10, 14, 18, 22, Prayer For Relief. Attorney's fees should be considered when calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that where an underlying statute authorizes an award of attorney's fees, such fees may be included in the amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (same). While Plaintiff's attorney's fees cannot be precisely calculated, it is reasonable to assume that any estimate of attorney's fees includes fees over the life of the case, not just the fees up until removal. *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, at *11 (C.D. Cal. March 3, 2015) (*citing Theis Research, Inc. v. Brown & Bain,* 400 F.3d 659,662 (9th Cir.

2005). The court in *Sasso* found that California district courts "have held that a reasonable rate for employment cases is $300 per hour" and that "a reasonable number of hours expended through trial for employment cases ... have ranged from 100 to 300 hours." *Id.*, at *12. The *Sasso* court therefore found that $30,000 and "100 hours is an appropriate and conservative estimate" when approximating attorney's fees for purposes of amount in controversy. *Id.* Accordingly, Plaintiff's claim for attorney's fees places, at a minimum, an additional $30,000 in controversy.

**VI. CONCLUSION**

25. Although Defendant denies each and every one of Plaintiff's allegations, Plaintiff and Defendant are citizens of different states, and Plaintiff's claims clearly exceed the $75,000 jurisdictional minimum for removal under 28 U.S.C. section 1332(a)(1).

**NOTICE TO PLAINTIFF AND THE STATE COURT**

26. As required by 28 U.S.C. section 1446(b), Defendant is concurrently providing Plaintiff, through his counsel, with written notice of this removal.

27. Further, Defendant is also concurrently filing a copy of the Notice of Removal with the Superior Court of the State of California, in and for the County of Alameda pursuant to 28 U.S.C. section 1446(d).

**WHEREFORE,** Defendant hereby removes this action from the Superior Court of the State of California, in and for the County of Alameda, to the United States District Court, Central District of California.

Dated: October 25, 2016

/s/ *John C. Fish, Jr.*
JOHN C. FISH, Jr.
EMILY E. O'CONNOR
LITTLER MENDELSON, P.C.
Attorneys for Defendant
THE DOW CHEMICAL COMPANY(*erroneously sued as* DOW CHEMICAL CORPORATION)

Firmwide:143521499.2 026106.1154