# EXHIBIT A

SUM-100

# SUMMONS
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DOW CHEMICAL CORPORATION, and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BERNARD LEWIS

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

SEP 14 2016

CLERK OF THE SUPERIOR COURT
By SUE PESKO, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Alameda County Superior Court
1225 Fallon Street, Oakland, CA 94612

**CASE NUMBER:**
*(Número del Caso):* RG16831132

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:*
Robert F. Wallace, Esq., ACCESS LEGAL SERVICES, 1705 Webster Street, Alameda, CA, 510-891-9900

DATE: 9/14/16   SEP 14 2016   Clerk, by **SUE PESKO**, Deputy
*(Fecha)*    Chad Finke   *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Dow Chemical Corporation

   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Robert F. Wallace, Esq. (SB# 137132)
ACCESS LEGAL SERVICES
1705 Webster Street
Alameda, CA 94501
ph: 510-891-9900
robert@RobertWallaceLaw.com

Attorney for Plaintiff Bernard Lewis

ENDORSED
FILED
ALAMEDA COUNTY

SEP 14 2016

CLERK OF THE SUPERIOR COURT
By_____SUE PESKO_____
Deputy

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

RG16831132

Bernard Lewis,

    Plaintiff,

vs.

Dow Chemical Corporation, and DOES 1-100 inclusive,

    Defendants.

Case No. RG16820863

**COMPLAINT FOR DAMAGES**

AGE HARASSMENT (FEHA); AGE DISCRIMINATION (FEHA); WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; BREACH OF IMPLIED CONTRACT NOT TO TERMINATE WITHOUT GOOD CAUSE; ATTORNEYS FEES & COSTS; PUNITIVE DAMAGES REQUESTED

JURY TRIAL DEMANDED

FILE BY FAX

### UNLIMITED CIVIL CASE

### GENERAL ALLEGATIONS

Plaintiff BERNARD LEWIS ("PLAINTIFF") alleges the following against Defendant DOW CHEMICAL CORP. (hereafter referred to as "Defendant" and/or "DOW"), , and DOES 1-100:

- 1 -

Complaint

1. PLAINTIFF is informed and believes that at all times mentioned herein, each of the defendants was the agent or employee of each of the other defendants and, in taking all of the actions alleged herein, was acting within the course and scope, purpose, knowledge, approval and consent of such agency and employment, and with the ratification, permission.

2. PLAINTIFF does not know the true names of Defendants DOES 1 through 100, inclusive, and therefore sues them by those fictitious names. PLAINTIFF will amend this Complaint to show their true identities and capacities when they have been ascertained.

3. As set forth below, this Complaint arises from the parties' employment relationship. Mr. Lewis was employed at Dow Chemical for **thirty-nine years**, from 1977 until his abrupt termination in April, 2016. Mr. Lewis worked as a full-time employee at DEFENDANT's Hayward, CA location. He consistently received satisfactory performance reviews, encouragement that he was doing a good job, and regular pay raises.

4. Mr. Lewis was a hard-working, committed DOW employee who was well liked and well respected in his department. Unfortunately, DOW CHEMICAL CORP., by and through it's supervisor Mr. Chris Johnson, was committed to getting rid of older employees, and targeted Mr. Lewis for termination based upon his age. Mr. Lewis was subjected to on-the-job age harassment including, but not limited to, at least three separate meetings wherein he was summoned to Mr. Johnson's office, and asked if he was "ready to retire", questioned if he would "step down", and asked if there "was something else besides this job" that he wanted to do, or words to that effect. On every occasion, Mr. Lewis clearly and plainly stated that he did NOT want to retire, that he enjoyed his job, and that he had no plans to leave. This only upset Mr. Johnson further, and he set about his task to forcibly remove Mr. Lewis, not because of job performance, but solely because of his age.

5. Mr. Johnson singled out Mr. Lewis for abuse: he was disciplined and "counseled" for alleged job deficiencies when his younger co-workers were not, despite their engaging in similar or worse alleged deficiencies. Mr. Johnson held Mr. Lewis to a higher standard than his younger co-workers, and when Mr. Lewis refused to quit, physically yelled and screamed at him for no reason.

- 2 -

**Complaint**

6. When Mr. Johnson's campaign of harassment failed to yield it's intended result (Mr. Lewis quitting), he simply fired Mr. Lewis, on April 11, 2016, because of Mr. Lewis'age. Mr. Lewis was replaced by an individual significantly younger than himself.

7. On September 14, 2016, PLAINTIFF filed his Complaint with the California Department of Fair Employment and Housing ("DFEH") and received his Right-to-Sue letter at that time.

### FIRST CAUSE OF ACTION
### [Harassment Based upon Age - Fair Employment and Housing Act "FEHA"]
### AGAINST ALL DEFENDANTS

8. PLAINTIFF incorporates by reference paragraphs 1 through 7, inclusively, as if fully set forth herein.

9. California Government Code Section 12940 prohibits employment harassment based upon age. At the time of his termination, Mr. Lewis was 59 years old, one of the oldest employees in his department. He was subjected to a campaign of on-the-job harassment because of his age by his direct supervisor Mr. Chris Johnson, in direct violation of Government Code Section 12940.

10. As a direct, foreseeable and proximate result of DEFENDANT'S conduct, PLAINTIFF has suffered and continues to suffer losses, including lost back and front pay and benefits, emotional distress, and attorneys fees in an amount to be proven at trial. Plaintiff also seeks punitive damages for defendant's reprehensible conduct which included malice, fraud and oppression.

11. PLAINTIFF claims these amounts, together with prejudgment interest pursuant to Civil Code Section 3287, Code of Civil Procedure Section 685.010 and pursuant to any other provision of law providing for prejudgment interest.

### SECOND CAUSE OF ACTION
### [Age Discrimination - FEHA]
### AGAINST ALL DEFENDANTS

12. PLAINTIFF incorporates by reference paragraphs 1 through 11, inclusively, as if fully set forth herein.

13. California Government Code Section 12940 prohibits discrimination based upon age. At the time of her firing, Mr. Lewis was 59 years old, one of the most senior employees at Dow's Hayward, CA facility, with 39 years of continuous service. Mr. Johnson fired Mr. Lewis because of his age, in direct

**Complaint**  - 3 -

violation of FEHA. Mr. Lewis was replaced by a much younger employee.

14. As a direct, foreseeable and proximate result of DEFENDANT'S conduct, PLAINTIFF has suffered and continues to suffer losses, including lost back and front pay and benefits, emotional distress, and attorneys fees in an amount to be proven at trial. Plaintiff also seeks punitive damages for defendant's reprehensible conduct which included malice, fraud and oppression.

15. PLAINTIFF claims these amounts, together with prejudgment interest pursuant to Civil Code Section 3287, Code of Civil Procedure Section 685.010 and pursuant to any other provision of law providing for prejudgment interest.

### THIRD CAUSE OF ACTION
### [Wrongful Termination in Violation of Public Policy]
### AGAINST ALL DEFENDANTS

16. PLAINTIFF incorporates by reference paragraphs 1 through 15, inclusively, as if fully set forth herein.

17. California courts have long held that an employee may not be discharged in violation of the public policy of the state. Peterman v. International Brotherhood of Teamsters, (1959) 174 CA2d. 184. Workplace harassment and/or discrimination based upon a employee's age is illegal in the state of California, and in violation of our state's public policy. Government Code Section 12940. Mr. Lewis was harassed, and subsequently fired by Dow because of his age, in direct violation of our state's public policy against mistreatment of workers over the age of 40.

18. As a direct, foreseeable and proximate result of DEFENDANT'S conduct, PLAINTIFF has suffered and continues to suffer losses, including lost back and front pay and benefits, emotional distress, and attorneys fees in an amount to be proven at trial. Plaintiff also seeks punitive damages for defendant's reprehensible conduct which included malice, fraud and oppression.

19. PLAINTIFF claims these amounts, together with prejudgment interest pursuant to Civil Code Section 3287, Code of Civil Procedure Section 685.010 and pursuant to any other provision of law providing for prejudgment interest.

///

- 4 -

**Complaint**

## FOURTH CAUSE OF ACTION
### [IMPLIED AGREEMENT NOT TO TERMINATE WITHOUT GOOD CAUSE]
### AGAINST ALL DEFENDANTS

20. PLAINTIFF incorporates by reference paragraphs 1 through 19, inclusively, as if fully set forth herein.

21. Plaintiff worked continuously for defendant for thirty-nine years, during which time he repeatedly received assurances that he was doing a good job, that his position was secure, and implied promises that he would not be fired without good cause. Relying upon these assurances, Mr. Lewis chose to remain employed by Dow, and chose not to seek work elsewhere. For the vast majority of his career (the first 37 years), St. Rose upheld it's end of the bargain: it consistently acknowledged Mr. Lewis as a solid worker, giving him satisfactory performance reviews and regular pay raises. However this changed in approximately 2014, when Mr. Johnson began his campaign of harassment based upon Mr. Lewis' age, intending to drive him out of Dow without good cause. When this failed, Dow simply fired Mr. Lewis, without good cause, in violation of it's implied agreement to him that his job was secure so long as he continued to perform satisfactorily.

22. As a direct, foreseeable and proximate result of DEFENDANT'S conduct, PLAINTIFF has suffered and continues to suffer losses, including lost back and front pay and benefits, emotional distress, and attorneys fees in an amount to be proven at trial. Plaintiff also seeks punitive damages for defendant's reprehensible conduct which included malice, fraud and oppression.

23. PLAINTIFF claims these amounts, together with prejudgment interest pursuant to Civil Code Section 3287, Code of Civil Procedure Section 685.010 and pursuant to any other provision of law providing for prejudgment interest.

## PRAYER FOR RELIEF

PLAINTIFF prays for judgment against DEFENDANTS as follows:

1. For actual, compensatory and punitive damages according to proof;
2. For declaratory and injunctive relief;
3. For attorneys' fees and costs of suit;
4. For prejudgment interest on all amounts claimed; and

- 5 -

**Complaint**

5. For any other and further relief that the Court considers proper.

Dated: September 14, 2016

ACCESS LEGAL SERVICES

By: _____
Robert F. Wallace, Esq.
Attorney for PLAINTIFF BERNARD LEWIS

Complaint

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robert F. Wallace, Esq. (SB#137132)<br>ACCESS LEGAL SERVICES<br>1705 Webster St., Alameda, CA 94501<br>TELEPHONE NO.: 510-891-9900  FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff Bernard Lewis | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>SEP 14 2016<br><br>CLERK OF THE SUPERIOR COURT<br>By SUE PESKO, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: | |
| CASE NAME:<br>LEWIS v. DOW CHEMICAL CORPORATION, and DOES 1-100 | |
| **CIVIL CASE COVER SHEET**  Complex Case Designation<br>[✓] Unlimited  [ ] Limited     [ ] Counter  [ ] Joinder<br>(Amount      (Amount<br>demanded    demanded is    Filed with first appearance by defendant<br>exceeds $25,000)  $25,000 or less)  (Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>RG16831132<br>JUDGE:<br>DEPT: |

COPY    FILE BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify)*: Four
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Sept. 14, 2016
Robert F. Wallace, Esq.
(TYPE OR PRINT NAME)                    ▶ *(signature)* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10